HENRY G. FISK AND OTHERS, RESPONDENTS, *v.* LUCIUS L. SPRING, APPELLANT.

*Sale of "perishable" property — meaning of the term — Code of Civil Procedure, sec.* 656.

In order to authorize the court to order property levied upon under a warrant of attachment to be sold, as being "perishable," it must appear that the property is inherently liable to deterioration and decay, it is not sufficient to show that it will depreciate in value because of changes in the styles and fashions. (BRADY, J., dissenting.)

APPEAL from an order made on motion of the plaintiff authorizing a sale of personal property, consisting of underwear, neck ties, shirts, jewelry, gloves, umbrellas, and the usual stock of a gentle-man's furnishing store, which had been levied upon by the sheriff under warrants of attachment issued against the defendant.

*Charles E. Soule,* for the appellant.

*B. F. Watson,* for the respondent.

DANIELS, J.:

As to a very large, if not the greater portion of the goods, they will only suffer by being retained until they can be sold under an execution, if a judgment shall be recovered, by reason of the cir-cumstance that they will depreciate in value, because of changes in their styles and fashions. That is not of itself sufficient to render the property perishable, as that term has been employed in section 656 of the Code of Civil Procedure. To render property perisha-

ble, it is essential that it shall appear to be inherently liable to deterioration and decay. Many articles are of that description, and become useless and valueless by the mere effects of time. They cannot be preserved, and for that reason must be used and disposed of within an early period of time to be available for use at all. If mere changes in fashions and styles would justify an order for a sale under this provision of the Code, then in all cases of the attachment of goods and merchandise, sales could be ordered whenever a seizure might be made of them; which would render process of this nature extremely oppressive, and in many cases utterly destructive of the rights and interests of the defendant, and this provision of the Code could not have been intended to permit it.

As to the kid gloves, the order seems to have been proper, and perhaps it might have been made so as to the woolen goods which were liable to be moth eaten, but as they can be probably protected against that liability by occasional attention, that should be given to them, and in that way an immediate sale rendered entirely needless. All the goods can be preserved as they are by reasonable attention and care, and that the sheriff is bound to bestow upon them until the right to make a sale of them shall be secured by a judgment against the debtor, and an execution be issued for that purpose. The order should be modified so as to allow a sale of the kid gloves, as they are shown to be inherently liable to decay and deterioration, and, as so modified, affirmed without costs.

Davis, P. J.:

I agree with the views of my brother, Daniels, in this case. The fickleness of fashion does not of itself, render articles " perishable " within the meaning of the Code. When the only damage or deterioration in value, arises from a probable change of fashion, it is the fashion that is perishable, not the article. The latter retains all its intrinsic value unchanged in form or substance, ready for a recurring wave of fashion which may restore or even enhance its market value. Under the rule laid down by the court below, and adopted by my brother Brady, there is no article of merchandise that is not perishable or non-perishable by the whims or caprices of the hour, as they may rise or fall. The property of defendants, when attached, would be subject to ruinous sac--

rifices, for which no remedy is provided, if that construction shall prevail.

I think the order should be modified as suggested in the opinion of DANIELS, J.

BRADY, J. :

It appears that an attachment was issued in this case by virtue of which certain property in possession of the defendant was levied upon. It would seem from the evidence that he kept a stock known as gentlemen's furnishing goods, consisting of underwear, neckties, shirts, jewelry, gloves, umbrellas, etc. The plaintiffs regarding this property as perishable, made application for leave to sell it as such under section 656 of the Code, which provides that "if property attached, other than a vessel, is perishable, the court or judge may, by an order made with or without notice, as the urgency of the case in its or his opinion requires, direct the sheriff to sell it at public auction, and thereupon the sheriff must sell it accordingly." The application was granted, and the defendant appeals upon the ground that the property was not perishable within the meaning of the statute.

The word "perishable," in the Code, is to be interpreted according to its ordinary signification; in other words, it is to have the effect embraced within its definition by the lexicographer. Webster defines it as follows : "Liable to perish; subject to decay or destruction."

And "decay" is defined to be "a gradual failure of health, strength, soundness, prosperity; any species of excellence or perfection declined to a worse or less perfect state." The question presented to the court below was whether on the evidence, with this definition of the word "perishable" in view, the property levied upon could be sold under the provisions of the Code mentioned.

The evidence shows that the attachment was issued on the 19th of January, 1881, and that a portion of the goods levied upon could only be used in summer ; that the dealers therein buy them in February and March; that after the first of February very few winter goods were sold until the following fall. It appeared that another portion of the goods were made of wool, and if they were boxed up and put in a warehouse for a year there would be great

danger of their being eaten up by moths; that though it might be prudent, if they were kept, to have the goods opened and shaken every few weeks, that operation would entail considerable expense. It appeared, also, that another portion were silk and lisle thread goods intended for summer wear, and that if sold to dealers it was necessary that the sale should be made in February or March. It also appeared that another portion were kid gloves which, if stored, would be likely to become mildewed and spotted and to lose value by reason of the change in fashion. It also appeared that another portion were neckties and scarfs, and that they are goods which depend for their value almost entirely upon fashion, which changes with every season, creating therefore the necessity that they should be sold at once and before the fashion changed.

Upon these various points the evidence, though in conflict, preponderates in favor of the proposition that the goods would suffer in value by being kept, if they did not perish absolutely by reason of the change of fashion or by injuries from moths; or, in the case of the kid gloves, by spots which would destroy their value almost entirely.

The learned justice who heard the motion, having been justified in arriving at the conclusion that the detention of the goods by the sheriff would result in their depreciation in value, made the proper order in reference to their disposition. It may be said that they were perishable because they were liable to decay or destruction; and if liable to decay they were liable to decline to a worse or a less perfect state than when the application was made to sell them.

The word "perishable" used in relation to a stock of goods such as described, should be held applicable, particularly for the reason that the value of the goods may be affected by the changes of fashion which, according to the evidence of the experts in the case, is liable to occur. If there were no other reason this would seem to be sufficient to justify a sale, not only for the protection of the plaintiffs but for the security of the defendant.

There can be no doubt about the proposition as to the changing fashions on the evidence in this case. It may indeed be said to be a subject of which the court would take notice that the changes of fashion in articles of wearing apparel considerably affect their value.

If, superadded to that, there be any danger of decay by spotting

or by the ravages of insects upon the article, it would seem to be the duty of the court, for the protection of all parties, to order the sale to be made at a time which would seem to be most advantageous to obtain the best prices.

The result of this investigation therefore, although no case can be found decisive of the precise point involved, and none was cited, is that the articles levied upon within the purview of section 656 of the Code were perishable, not so much from the inherent causes of decay as from the external circumstances and contingencies affecting their value as articles of merchandise.

For these reasons I think the order appealed from should be affirmed, with ten dollars costs and the disbursements of the appeal.

Order modified as directed in opinion of DANIELS, J., and affirmed as modified, without costs to either party.