## SCHUMANN *v.* DAVIS.

### (*City Court of New York, Special Term.* December, 1890.)

ATTACHMENT—PERISHABLE PROPERTY.

Goods used by fashionable tailors, the styles in which change every season, and which are liable to become hard and unsuitable for use, and moth-eaten and injured by dust and dirt, are "perishable," within the meaning of Code Civil Proc. N. Y. § 656, which provides that if property attached is "perishable" it may be sold by order of the court. Disapproving *Fisk* v. *Spring,* 25 Hun, 367.

Action by Theodore F. Schumann against John H. Davis. Plaintiff attached certain woolen goods alleged to belong to defendant, and obtained an order for their sale as perishable property. Defendant now moves to have this order set aside.

*George Hahn,* for plaintiff.   *Goodrich, Deady & Goodrich,* for defendant.

McADAM, C. J.  The order directed the sale of certain woolen goods levied on by the sheriff under a warrant of attachment issued herein. The goods are such as fashionable tailors use to make up clothing. The plaintiff proves by experts that the styles in such goods change every season, and that, in consequence, the value will depreciate largely if they are not sold at once; that the action will not be reached for trial for many months; and that in the mean time the goods will become hard and unsuitable for use, and are liable to become moth-eaten and injured by dust and dirt,—consequences that will be difficult to avert. The question presented on these facts is whether the goods are perishable, within the meaning of section 656 of the Code. This provision was intended to prevent loss either to the debtor or creditor by the depreciation of attached property, and should be construed to further its object and purpose. The construction approved in *Fisk* v. *Spring,* 25 Hun, 367, 62 How. Pr. 510, is too circumscribed. That case holds that, to procure an order under this section, it must be shown that the property is inherently liable to deterioration and decay. This may be a correct conclusion if the technical meaning of the word "perishable" is to be adopted, but the statute uses that term in a broader and more liberal sense,—one more suited to the exigencies of business requirements. Bouvier gives a better definition of the term, which he says means "goods which are lessened in value, and become worse by being kept." In *Webster* v. *Peck,* 31 Conn. 495, it was held that where, in the case of levy upon personalty, the time before a sale can be made is necessarily long, a sale may be directed of property liable to material depreciation in value from other causes than decay. In the case cited Judge BUTLER said: "The great delay between the attachment of property on mesne process and obtaining judgment, which attended litigation previous to the reorganization of our judicial system, and the obvious equity of the law, led to a liberal construction of the statute to advance the remedy, and orders for the sale of property, not in its nature perishable, but which would materially depreciate in value for other causes, have been quite common. The only object of the general assembly was to prevent loss to the parties, and, so long as the parties are benefited, that liberal construction may be tolerated." Speedy sales of perishable property proceed upon the principle of necessity. To permit property to deteriorate or become worthless by the law's delays, would be to impair, if not defeat, the object of the attachment. To keep property until it deteriorates in value is to do an injury to all concerned, and this is certainly not the policy of the law. The purpose of the attachment is to realize money, the net amount received is credited to the defendant, and it is to the interest

of all that the attached goods be sold while in their best condition, and calculated to bring the best prices. It is clear that the goods will not increase in value; the proceeds of the sale may, for the amount realized may earn interest, while the retention of the goods by the sheriff must involve both expense and risk. The defendant, who moves to set aside the order, claims that the goods belong to another, who has sued or threatened suit against the sheriff for their conversion. Our statute (Code, § 656) provides that if property attached, "other than a vessel," is perishable, it may by order of the court be sold. This special exception is significant. Excepting a vessel from the term "perishable" property implies that, but for the exception, a vessel might be sold as perishable property. The language certainly indicates that the term "perishable" property was to receive a liberal, and not a literal, technical, or narrow, construction. The order made is really a benefit to all concerned, is within the spirit and purpose of the statute, was not an abuse of discretion, and the motion to set aside must be denied, but without costs. The order to be entered hereon must provide for notice of sale to the defendant's attorneys, and to the claimant as well, in addition to the usual advertisement. This will enable all the parties to protect their respective interests from any possible injury.